UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOHAN G. BLICKMAN, M.D.,
Plaintiff,

v.

BOSTON UNIVERSITY MEDICAL
CENTER RADIOLOGISTS d/b/a
BOSTON UNIVERSITY RADIOLOGY
ASSOCIATES, BOSTON UNIVERSITY,
Defendants.

C.A. No.

01cv10304 GAO

## COMPLAINT AND JURY TRIAL DEMAND

A.  Jurisdiction

This is a suit brought pursuant to Title VII.

B.  Nature of the Action

This is a suit in law and equity seeking redress for employment discrimination and unlawful advertisement. Employment discrimination will be established by direct evidence, and/or circumstantial evidence, or a combination of both.

C.  Parties to the Action

1.  Plaintiff Johan G. Blickman, M.D. is a male individual with a place of residence at 43 Old Concord Road, Lincoln, Massachusetts 01773 in Middlesex County.

2.  Defendant Boston University Medical Center Radiologists, Inc. d/b/a Boston University Radiology Associates ("BUMCR") is a corporation having a principal place of business located at 88 East Newton Street, Boston, MA 02118, in Suffolk County.



3. Defendant Boston University ("BU") is a corporation located at 125 Bay State Road, Boston, MA 02215, which has a number of graduate programs and/or schools, including the Boston University School of Medicine.

D. <u>Allegations Common to All Counts</u>

4. On or about October 1, 1995, Plaintiff joined the Boston University School of Medicine and BURA as an Associate Professor and a Pediatric Radiologist, after being recruited for the position by Drs. O'Connor and Ferrucci.

5. Plaintiff was provided a faculty appointment from BU, and thereafter received payments from BU. The administration of Plaintiff's pay, benefits and changes in job title were processed by BU.

6. BUMCR and/or BU were either singly or in combination Plaintiff's employer. Plaintiff's BU faculty appointment and his administrative teaching role were contingent upon his continued employment with BUMCR. BU Chairs such as Ferrucci were paid by BU for the administrative work performed in their capacity as chairpersons in the Boston University School of Medicine departments.

7. Both BU and BUMCR are employers as the term is defined in Title VII.

8. A letter to Plaintiff from BUMCR, dated November 15, 1995, refers to Plaintiff's "concurrent employment by the [Boston] University."

9. Ferrucci was at all relevant times the President of BUMCR and O'Connor was at all relevant times an employee of BUMCR. O'Connor has been given the authority to make recommendations with regard to hiring and firing of other employees.

10. In 1996, Deborah ter Meulen, a female individual was hired as a radiologist within the Section of Pediatric Radiology at Defendants BU and BUMCR. She was hired with the purpose of replacing the only other woman radiologist within the Section of Pediatric Radiology, who had moved to Rhode Island.

11. In or about 1996, Plaintiff was appointed Director of Education, responsible for medical students' rotations, grades and promotions. In or about 1997, Ferrucci asked Plaintiff to represent the Radiology Department on the Hospital-wide Vice Chairman's Council. Plaintiff performed duties usually performed by the Vice Chairman of Radiology. In January 1999, Plaintiff was appointed Professor of Pediatrics in the School of Medicine and was promoted from the middle rank of Associate to the highest rank of Full Professor of Radiology in the School of Medicine.

12. Plaintiff received positive performance feedback. He received two raises: $5,000 in 1997 and $10,000 in 1999, accompanying his promotion to Full Professor. Plaintiff was also awarded the "Teacher of the Year Award" by the Department and BU.

13. In or about April 1999 and prior, Defendants BU and BUMCR operated a facility in Waltham. In or about April 1999, O'Connor warned Plaintiff that if the facility was sold, that downsizing would occur and that the plan was to lay off Plaintiff and retain ter Meulen because she was a single mother.

14. Plaintiff was more senior in the Department than ter Meulen and as an Assistant Professor, ter Meulen was two ranks below Plaintiff.

15. On or about November 28, 1999, Ferrucci informed Plaintiff verbally that the Department of Radiology would be downsizing and that the Department was forced to let Plaintiff go. Ferrucci claimed that the conversation constituted ninety days notice, and indicated that Plaintiff's last day would be February 28, 2000. Contrary to a contract, no written ninety days notice was provided to Plaintiff. While Plaintiff was let go, ter Meulen was retained.

16. As of November 1999, the Division of Pediatric Radiology consisted of (in order of seniority): O'Connor (Division Chief and Full Professor); Dr. William Cranley (Full Professor); Plaintiff (Full Professor) and ter Meulen (Assistant Professor).

17. In or about January 2000, Plaintiff requested from Ferrucci that Plaintiff be permitted to remain on staff until June 30, 2000, and Ferrucci agreed.

18. In or about May 2000, ter Meulen resigned her position, effective July 2000. While ter Meulen's resignation seemed to generate a need in the department for a pediatric radiologist, Plaintiff was not asked to stay on and fill ter Meulen's position. Plaintiff asked about the position but was told that no one would be hired to fill the position.

19. In or about May 2000, Plaintiff learned that one or more individuals had been interviewed to fill the position.

20. On or about June 1, 2000, Plaintiff discovered a job posting for the position of Pediatric Radiologist, which was posted by O'Connor, which stated "[w]e would be delighted to add a woman to our staff as we have recently lost two."

21. Plaintiff quickly brought the posting to the attention of Ferrucci and inquired about being placed in the position. Plaintiff was told that no one else was being

21. ...hired. Plaintiff was never told that he had been rejected for the position because of any fault on his part.

22. Defendants engaged in attempts to fill the position, and various individuals have been considered and/or interviewed for the posted position. Various individuals have been paid or provided bonuses to work within the Department of Radiology to fill the need for Pediatric Radiology services in that Department.

23. As of June 2000, it was the perception of one or more of the Defendants that there was a gender imbalance in the Department of Radiology and that there was not enough women in the department. Defendants sought to correct this perceived imbalance by hiring a woman.

24. Defendants ultimately hired a female to fill the position, ter Meulen.

25. Both O'Connor and Ferrucci participated in the decision to lay off Plaintiff and in the later decision not to hire him back, either in the role of providing a recommendation or as a final decisionmaker. Both also participated in the decisions to fill the position with a female.

26. Plaintiff's faculty appointment with BU ceased as of June 30, 2000 and Plaintiff's employment with BU and BUMCR also ceased as of June 30, 2000.

27. Plaintiff has satisfied the administrative jurisdictional prerequisites for pursuing Title VII and c. 151B civil actions.

COUNT I--DISCRIMINATORY TERMINATION EFFECTIVE ON JUNE 30, 2000
Title VII--All Defendants

28. Plaintiff reasserts and realleges the above allegations.

29. Plaintiff was terminated effective on June 30, 2000.

30. Plaintiff was terminated by Defendants because of his gender, in violation of Title VII. 42 U.S.C. § 2000e-2(a)(1).

31. In the alternative, gender was a motivating factor in the decision to terminate Plaintiff. 42 U.S.C. § 2000e-2(m).

32. The discrimination was either conscious, unconscious, or a combination of both.

33. As a result of his unlawful termination, Plaintiff has suffered lost wages, lost benefits, and emotional and physical suffering for which he seeks compensation.

## COUNT II--DISCRIMINATORY FAILURE TO REHIRE

### Title VII--All Defendants

34. Plaintiff reasserts and realleges the above allegations.

35. Plaintiff was not rehired after ter Meulen resigned in or about May 2000, nor after Plaintiff saw the job posted, nor any time since.

36. Plaintiff was not offered his position back by Defendants because of his gender, in violation of Title VII. 42 U.S.C. § 2000e-2(a)(1).

37. In the alternative, gender was a motivating factor in Defendants' refusal to rehire Plaintiff. 42 U.S.C. § 2000e-2(m).

38. The discrimination was either conscious, unconscious, or a combination of both.

39. As a result of the unlawful failure to re-hire, Plaintiff has suffered lost wages, lost benefits, and emotional and physical suffering for which he seeks compensation.

## COUNT III--DISCRIMINATORY JOB ADVERSTISEMENT

40. Plaintiff reasserts and realleges the above allegations.

41. Defendants posted a job advertisement expressing a preference and/or specification based on gender, in violation of 42 U.S.C. § 2000e-3(b).

42. The preference and/or specification included in the unlawful job posting was a factor in the loss of Plaintiff's employment and the failure to rehire Plaintiff.

43. As a result of the unlawful job advertisement, Plaintiff has suffered lost wages, lost benefits, and emotional and physical suffering for which he seeks compensation.

Wherefore, the Plaintiff requests that this Court order:

a) That the Plaintiff be compensated for any loss of wages and/or benefits incurred as a result of discriminatory acts, including tuition benefits;

b) that the Plaintiff be awarded an amount of money which will fairly compensate him for his emotional and physical pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life.

c) that the Plaintiff be awarded an amount of money which will fairly compensate him for the damage to his reputation and/or the diminution of her earning capacity;

d) that the Defendants pay the Plaintiff costs and attorney's fees resulting from this action;

e) that the Defendants pay the Plaintiff interest on any judgment entered from the time of the filing of this suit;

f) that the Defendants be ordered to pay the Plaintiff punitive damages;

g) that the Defendants reinstate Plaintiff;

h) that the Defendants be enjoined from engaging in discriminatory acts or posting unlawful advertisements in the future; and

i) such relief as may be just and proper and/or which will make the Plaintiff whole.

THE PLAINTIFF DEMANDS A TRIAL BY JURY ON EACH ISSUE SO TRIABLE

                         Respectfully submitted,

                         The Plaintiff
                         By his attorneys,

February 20, 2001

                         Kevin G. Powers
                         BBO# 405020
                         Robert S. Mantell
                         BBO# 559715
                         Rodgers, Powers & Schwartz
                         30 Federal Street
                         Boston, MA  02110
                         (617) 482-7771

blickcom1